```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


AUTO OWNERS INSURANCE COMPANY, )
a Michigan Insurer,            )
                               )
            Plaintiff          )
                               )
        v.                     )   Case No. 2:04 cv 174
                               )
LA OASIS, INC., an Indiana     )
Corporation; HARRY RANDHAWA, an)
Indiana Resident; RM PETROLEUM,)
INC., an Illinois Corporation; )
and ROBERT STAMBOLIC, an       )
Illinois Resident,             )
                               )
            Defendants         )
```

OPINION AND ORDER

This matter is before the court on the Motion for Partial Summary Judgment filed by the plaintiff, Auto Owners Insurance Company, on January 31, 2007. For the reasons set forth below, the motion is **GRANTED**.

Background

This cause of action is one of two that arose from the failed business relationship between La Oasis, Inc., a gasoline retailer and its owner, Harry Randhawa, and RM Petroleum, Inc. and its principal, Robert Stambolic. The parties' relationship centered on a Shell gasoline station operated by Randhawa according to a series of agreements that were assigned to Stambolic and RM. The parties litigated claims arising from a six-count complaint filed in Illinois state court and removed to the Northern District of Illinois. In that cause of action, RM and Stambolic

alleged six counts against La Oasis and Randhawa: breach of the dealer agreement by La Oasis (Count I) and Randhawa (Count II); breach of a promissory note by La Oasis (Count III) and Randhawa (Count IV); violation of the Lanham Act (Count V); and assault against Randhawa based upon threatening messages left for Stambolic (Count VI).

In the matter before this court, La Oasis' insurer, Auto Owners Insurance Company, brought a complaint for a declaratory judgment that it was under no duty to defend or indemnify La Oasis or Randhawa in the Illinois action. On May 26, 2005, this court denied Auto Owners' motion for summary judgment, concluding that the company's duty to defend was implicated by the presence of a Lanham Act claim in the underlying complaint. (DE 23) The court granted summary judgment in favor of the defendants, and judgment was entered on the issue of the duty to defend. (DE 28)

Prior to the entry of judgment, while Auto Owners' motion was pending in this court, summary judgment was granted in favor of the plaintiffs, RM and Stambolic, against La Oasis and Randhawa in the Northern District of Illinois. Entering final judgment, the district court concluded that La Oasis and Randhawa were liable for breach of the parties' dealer agreement and the promissory note. Auto Owners now seeks partial summary judgment on the issue of its duty to indemnify La Oasis. Because its motion would dispose of all remaining claims between the parties, the court will address the motion as one for full summary judgment.

2

Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *See* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986); **Lawrence v. Kenosha County**, 391 F.3d 837, 841 (7th Cir. 2004); **Branham v. Snow**, 392 F.3d 896, 901 (7th Cir. 2004); **Windle v. City of Marion, Indiana**, 321 F.3d 658, 660-61 (7th Cir. 2003), *cert. denied*, 540 U.S. 873, 124 S.Ct. 873, 157 L.Ed.2d 133 (2003). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. **Adickes v. S.H. Kress & Company**, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); **Lawrence**, 391 F.3d at 841. A fact is material if it is outcome determinative under applicable law. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); **Ballance v. City of Springfield, Illinois Police Department**, 424 F.3d 614, 616 (7th Cir. 2005); **Hottenroth v. Village of Slinger**, 388 F.3d 1015, 1027 (7th Cir. 2004); **Palmer v. Marion County**, 327 F.3d 588, 592 (7th Cir. 2003). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts. **Spiegula v. Hull**, 371 F.3d 928, 935 (7th Cir. 2004); **Hines v. British Steel Corporation**, 907 F.2d 726, 728 (7th

3

Cir. 1990).  Finally, summary judgment "will not be defeated simply because motive or intent are involved."  ***Roger v. Yellow Freight Systems, Inc***., 21 F.3d 146, 148 (7th Cir. 1994).  *See also* ***Miller v. Borden, Inc***., 168 F.3d 308, 312 (7th Cir. 1999); **Plair v E.J. Brach & Sons, Inc.**, 105 F.3d 343, 346 (7th Cir. 1997); ***United Association of Black Landscapers v. City of Milwaukee***, 916 F.2d 1261, 1268 (7th Cir. 1990).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> ***Anderson***, 477 U.S. at 250, 106 S.Ct. at 2511

*See also* ***Reeves v. Sanderson Plumbing Prods., Inc***., 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-22 (2000) (setting out the standard for a directed verdict); ***Celotex Corp***., 477 U.S. at 322-323, 106 S.Ct. at 2553; ***Branham***, 392 F.3d at 901; ***Lawrence***, 391 F.3d at 841; ***Hottenroth***, 388 F.3d at 1027 (stating that a genuine issue is one on which "a reasonable fact finder

4

could find for the nonmoving party"); ***Schuster v. Lucent Technologies, Inc***., 327 F.3d 569, 573 (7th Cir. 2003)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

When a party has offered no response to a motion for summary judgment, the court will treat the moving party's factual assertions as uncontested. Local Rule 56.1(b); ***Smith v. Lamz***, 321 F.3d 680, 683 (7th Cir. 2003). However, entry of summary judgment is not automatic and may be granted only when the undisputed facts lead to judgment as a matter of law. Federal Rule of Civil Procedure 56(c); ***Burdick v. Koerner***, 179 F.R.D. 573, 575 (E.D. Wis. 1998).

In its motion, Auto Owners argues that the liability imposed on La Oasis and Randhawa by the Northern District of Illinois was based on the defendant's indebtedness to RM and the breach of its obligations with respect to this obligation. Auto Owners' policy with La Oasis did not require indemnification for such breaches. Further, Auto Owners argues the conduct that formed the basis for liability cannot be viewed as fitting within the exception for advertising conduct that had triggered its broader duty to defend.

In fact, the source of liability in the underlying action was determined wholly independently from any Lanham Act violations. The district court expressly found that La Oasis and Randhawa's liability arose from the breach of the dealer agree-

5

ment, the promissory note, and Randhawa's personal guaranties. Though Auto Owners' broader duty to defend was implicated by the complaint brought against La Oasis, Auto Owners' duty to indemnify is not implicated by the judgment entered in the Northern District of Illinois.

The uncontested material facts further reveal that Randhawa made explicit threats against Stambolic and his family. To the extent that there is any liability from this intentional conduct, it falls outside the scope of the policy's coverage. The conduct was not accidental and did not arise from advertising, as required by the policy.

_____

For the foregoing reasons, the Motion for Partial Summary Judgment filed by the plaintiff, Auto Owners Insurance Company, on January 31, 2007 is **GRANTED**.

ENTERED this 7th day of May, 2007

                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge